# EXHIBIT A

DAN T. MATRAFAJLO, ESQ.
Attorney ID#: 031722003
BENINATO & MATRAFAJLO, LLC
1207 EAST GRAND STREET
ELIZABETH, NEW JERSEY 07201
(908) 355-7100
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| DINA ACAMPORA,<br><br>Plaintiff,<br><br>VS<br><br>WALMART INC. and WAL-MART STORES EAST, LP, ABC CORPORATIONS 1-10, and JOHN DOES 1 through 10 (fictitious persons)<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO.<br><br>**COMPLAINT, DISCOVERY AND JURY DEMAND** |

Plaintiff, DINA ACAMPORA, residing at 62 E Fifth Street, in the City of Howell, County of Monmouth and State of New Jersey, by way of Complaint against the Defendants, says:

**FIRST COUNT**

1. The true names and capacities, whether individual, plural, corporate partnership, associate, or otherwise, of defendants, JOHN DOES 1 through 10 and ABC CORPORATIONS 1-10 are unknown to Plaintiff. Therefore, Plaintiff sues said defendants by such fictitious names.

2. The full extent of the facts linking the fictitiously designated defendants with the causes of action alleged herein is currently unknown to the Plaintiff.

3. Plaintiff is informed and believes and thereon alleges that each of the defendants designated as JOHN DOES 1 through 10 and ABC CORPORATIONS 1-10 was and is negligently, carelessly, recklessly, unskillfully, unlawfully, tortuously, wrongfully, and legally responsible in some manner for the events and happenings hereinafter referred to.

4. Each of defendants ABC CORPORATIONS 1-10 and JOHN DOES 1 through 10 thereby negligently, carelessly, recklessly, unskillfully, unlawfully, tortuously, wrongfully, and legally proximately caused injury and damages to Plaintiff.

5. Plaintiff will hereafter seek leave of court to amend this Complaint to state such defendants' true names and capacities, after the same are ascertained.

6. Defendants, WALMART INC. and WAL-MART STORES EAST, LP (WALMART Defendants), are a business entity organized under the laws of the State of New Jersey, authorized to do business in the State of New Jersey and at all relevant times owned, operated, maintained, supervised, and/or controlled the Walmart retail premises located at 326 West Main Street, in Freehold, New Jersey ("the premises").

7. On or about the 30th day of June 2024, the Plaintiff, DINA ACAMPORA, was a business invitee, and was lawfully on the premises identified above.

8. At the same time, the aforesaid premises was owned, possessed, maintained, controlled, managed, and/or staffed by Defendants.

9. At the aforesaid time and place, Plaintiff, DINA ACAMPORA, was caused to trip over on a metal bar that was camouflaged by clothing in an aisle, causing severe and permanent injury to Plaintiff.

10. The injury was caused by Defendants and Defendants' agents, servants and employees, in creating the aforesaid condition; in permitting the aforesaid condition to exist despite actual or constructive notice; in failing to warn against the existence of the aforesaid condition despite actual or constructive notice; in failing to maintain the premises; in failing to make proper and timely inspections of the premises; in failing to provide safe walking conditions and safe passageway for persons allowed on and invited to use the

aforesaid premises; and otherwise in failing to exercise due care under the circumstances.

11. As the direct and proximate result of the aforesaid careless, reckless and negligent actions of the Defendants and their agents, servants, and/or employees, and their disregard for the safety of others, Plaintiff, DINA ACAMPORA, was caused to suffer severe bodily injuries, some of which are permanent in nature, has been caused and will be caused to expend large sums of money for medical treatment necessary to effect a cure for her injuries, and has been caused and will in the future be caused great pain and suffering.

**WHEREFORE**, the Plaintiff demands judgment against Defendants, jointly and severally, for such sums as she is entitled to under the Laws of the State of New Jersey, together with interest, and costs of suit, and attorneys' fees.

**COUNT TWO - FRAUDULENT CONCEALMENT / SPOLIATION OF EVIDENCE**

12. Plaintiff repeats and re-alleges all prior paragraphs as if set forth at length herein.

13. At all relevant times, Defendants owned, operated, managed, maintained, supervised and/or controlled the premises and had custody and control over evidence material to the Incident, including but not limited to: surveillance video (interior/exterior), camera location maps and retention policies, incident and witness reports, sweep/inspection/maintenance logs, work orders, photographs, post-Incident inspection records, and communications regarding the Incident (the "Evidence").

14. Defendants knew or reasonably should have known, immediately upon receipt of notice from Plaintiff or her representatives, that litigation was pending or reasonably foreseeable and that the Evidence was material to Plaintiff's claims.

15. Notwithstanding that duty to preserve, Defendants intentionally destroyed, failed to

preserve, concealed, and/or permitted the loss or overwriting of material portions of the Evidence, including but not limited to surveillance video from cameras covering the area where Plaintiff fell for a reasonable period before and after the Incident, and related inspection/maintenance documentation.

16. Defendants' destruction, concealment, and/or failure to preserve was undertaken with the purpose and/or effect of disrupting or undermining Plaintiff's ability to prove liability and causation in this action.

17. Plaintiff cannot reasonably obtain equivalent evidence by other means.

18. As a direct and proximate result of Defendants' fraudulent concealment and spoliation of Evidence, Plaintiff has been prejudiced in the prosecution of her claims and has incurred damages, including increased litigation expenses, expert fees required to reconstruct missing evidence, and a diminishment in the ability to establish liability and causation.

**WHEREFORE**, the Plaintiff demands judgment against Defendants, jointly and severally, for such sums as she is entitled to under the Laws of the State of New Jersey, together with interest, and costs of suit, and attorneys' fees and such other relief as this court deems equitable and just.

**JURY DEMAND**

Plaintiff hereby requests trial by jury of eight (08) persons as to all issues so triable.

**DEMAND FOR INSURANCE INFORMATION**

Pursuant to New Jersey Rule of Court R. 4:10-2(b), Plaintiff hereby demands production of a copy of any and all insurance arrangements under which any defendant may be covered to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy any such judgment.

**DEMAND FOR ANSWERS TO INTERROGATORIES**

Pursuant to New Jersey Rule of Court R. 4:17-1, Plaintiff hereby demands that, within the time prescribed by the Rules of Court, the Defendants provide written and certified answers to Form C and Form C1 Interrogatories and the following supplemental interrogatories:

S1. Identify all individuals or entities responsible for inspecting, maintaining, cleaning, repairing, or supervising the subject premises on the date of the incident, and state their job titles, duties, employer, and whether they are employees or contractors.

S2. Describe in detail the inspection, maintenance, and cleaning protocols in place for the area where the incident occurred, including frequency, methods used, materials or equipment involved, and responsible personnel.

S3. State whether any defect, condition, foreign substance, or object existed at or near the area of Plaintiff's fall that you contend caused or contributed to Plaintiff's injuries, and describe its physical characteristics (e.g., size, shape, color, composition, visibility, depth).

S4. State whether any complaints, service requests, or notifications were made concerning the subject area of the premises or for the type of incident that happened to Plaintiff in the 12 months prior to the incident, and for each, identify the nature of the complaint, the person who made it, the date received, and any action taken in response.

S5. State whether Defendants or their agents had prior knowledge or notice of any hazardous or dangerous conditions (including water, debris, ice, snow, or structural defects) at or near the incident location, and if so, when and how such knowledge was obtained and what corrective actions, if any, were taken.

S6. Identify any and all prior incidents, including slips, trips, or falls, that occurred at or near

the location of Plaintiff's fall within three (3) years before the date of the incident, including dates and nature of injuries.

S7. Describe the weather and lighting conditions at the time of Plaintiff's incident, and whether any precautions or maintenance were performed in response to those conditions on the day of the fall.

S8. State whether any surveillance video, photographs, diagrams, or measurements were taken of the area where Plaintiff fell, and identify the person(s) who captured or created such materials, the date taken, and whether they depict the incident or the conditions present at the time.

S9. Identify the individual(s) who responded to or investigated the Plaintiff's fall, state whether any incident or internal report was prepared, and provide the name(s) and employer(s) of the author(s) of such report(s).

S10. State whether Defendants or their expert(s) intend to rely on any medical, scientific, or industry treatise(s) at trial, and if so, identify the title, author, edition, and relevant sections upon which they intend to rely.

**DEMAND FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to New Jersey Rule of Court R. 4:18-1, plaintiff(s) hereby demands that the defendant produce the following documents at this office within thirty (30) days, as prescribed by the Rules of Court. The following requests are ongoing and continuing in nature. Defendants are required to continuously update their responses as new information or documentation is discovered.

**DOCUMENTS REQUESTED**

1. A copy of the deed or other documents showing Defendants' ownership or control of the premises as of the date of the incident.

2. All maintenance, cleaning, and inspection records or logs for the subject area for one (1) year prior to and one (1) month following the date of Plaintiff's fall.

3. Any and all complaints, work orders, or service requests concerning the subject area in the 12 months preceding the incident.

4. All daily logs, diaries, or other documents describing day-to-day events or conditions at the subject premises.

5. All contracts, agreements, or work orders with third-party vendors responsible for maintenance, cleaning, snow/ice removal, or janitorial services at the premises on or around the time of the incident.

6. All training manuals, policies, procedures, or instructional documents governing the inspection or maintenance of the premises in effect at the time of the incident.

7. A copy of any map, diagram, or drawing of the premises that shows the area where Plaintiff fell.

8. Copies of all incident reports, accident reports, or internal documents referring to Plaintiff's fall.

9. Copies of any and all photographs, video footage, surveillance recordings, or other visual media capturing the area of the fall before, during, or after the incident.

10. Any and all documents, logs, notes, correspondence, or materials relating to surveillance conducted of Plaintiff, including:

    a. Identities and roles of all individuals involved in filming, editing, or reviewing

any footage.

b. Logs or notes taken in connection with any surveillance.

c. All videotapes, still photographs, or other recordings.

d. A detailed explanation of what Defendants contend is depicted in such recordings.

e. Model numbers of all surveillance or recording equipment used.

11. All documents concerning any investigation, review, or findings made by Defendants in response to Plaintiff's incident.

12. All written witness statements or transcripts from any person with knowledge of the incident or conditions of the premises.

13. All statements taken from any of Defendants' employees or representatives concerning the incident.

14. All statements taken by any party, investigator, or other individual regarding the incident.

15. Copies of any and all prior claims, complaints, lawsuits, or notices involving slip/trip/fall incidents at or near the same location within three (3) years before Plaintiff's fall.

16. Copies of any medical reports, documents, or records upon which Defendants rely to assert that Plaintiff's injuries were not caused by the incident in question.

17. All documentation Defendants intend to rely on to claim Plaintiff had pre-existing medical conditions or was involved in any prior or subsequent accidents or injuries.

18. All documentation Defendants will use to claim Plaintiff's medical treatment was unnecessary, unreasonable, or unrelated to the incident.

19. All documentation Defendants will rely on to dispute Plaintiff's claim for lost wages or disability.

20. Copies of any declarations, coverage pages, or policies for all applicable insurance,

including primary, secondary, umbrella, or excess liability coverage.

21. Copies of any and all defense medical examination reports.

22. Copies of any medical examinations conducted at the request of third parties not involved in this litigation.

23. Copies of all documents received via subpoena or authorization in this matter.

24. If Defendants intend to cross-examine Plaintiff's expert(s) using any medical, scientific, or other treatises, please produce copies of those materials.

25. Copies of any written admissions or declarations against interest by Plaintiff regarding the incident or alleged injuries.

26. Copies of any reports made to any individual, entity, agency, or organization concerning the incident that is the subject of this litigation.

27. The CCTV camera location map, model numbers, fields of view, and retention/overwrite policies in effect on the date of the Incident.

28. All litigation hold notices, acknowledgments, and communications concerning preservation of Evidence related to the Incident.

29. All export logs/chain-of-custody records for any video or photographs produced.

**ATTORNEY'S CERTIFICATION**

I hereby certify that the above action is not the subject of another action pending in the Superior Court of New Jersey or any other Court. To the best of plaintiffs' information and belief, there is no action pending.

**DESIGNATION OF TRIAL COUNSEL**

DAN T. MATRAFAJLO, ESQ., is hereby designated as trial counsel in this matter.

*/s/ Dan T. Matrafajlo*

DAN T. MATRAFAJLO

DATED: November 17, 2025

# Civil Case Information Statement

## Case Details: MONMOUTH | Civil Part Docket# L-004177-25

**Case Caption:** ACAMPORA DINA VS WALMART INC.
**Case Initiation Date:** 11/17/2025
**Attorney Name:** DANNY T MATRAFAJLO
**Firm Name:** BENINATO & MATRAFAJLO, ATTORNEYS AT LAW, LLC
**Address:** 1207 E GRAND STREET 2ND FLOOR ELIZABETH NJ 07201
**Phone:** 9083557100
**Name of Party:** PLAINTIFF : Acampora, Dina
**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19? NO**

**Are sexual abuse claims alleged by: Dina Acampora? NO**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO **Title 59?** NO **Consumer Fraud?** NO **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/17/2025
Dated

/s/ DANNY T MATRAFAJLO
Signed